UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

FILED - USDC - NDTX - SA
APR 15 '26 AM8:12

GONZALO VELASCO-FIGUEROA,

Petitioner,

v.

No. 1:25-CV-00274-H

MARCELLO VILLEGAS,

Respondent.

## ORDER

Petitioner Gonzalo Velasco-Figueroa, a self-represented immigrant detainee, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is confined in the Bluebonnet Detention Center pending removal proceedings, but he does not directly challenge the propriety of his detention. Instead, he challenges the validity of his 2024 Oklahoma state-court conviction for drug trafficking. He asserts that his guilty plea in that case was involuntary because his counsel failed to inform him of the potential immigration consequences of his conviction. And now that he faces possible removal, he seeks to withdraw his guilty plea so that he "could qualify for a relief to avoid removal proceedings." Dkt. No. 1 at 8. As explained below, the Court dismisses the petition without prejudice.

## 1.   Background

Petitioner states that he is a native and citizen of Mexico who is detained in the custody of Immigration and Customs Enforcement (ICE) while his removal proceedings are pending. Petitioner asserts that on November 13, 2024, he was charged by indictment with a drug-trafficking offense in Cleveland County, Oklahoma. Dkt. No. 1-1 at 3. He pled guilty and was sentenced to "5 years in and 5 years out with 3 years of supervised

probation," pursuant to a plea agreement. *Id.* He states that he did not appeal his conviction, nor did he seek any other post-conviction relief.[1] *Id.*

Now, Petitioner asserts that he has been detained by the Department of Homeland Security awaiting removal.[2] *Id.* He contends that he is not eligible for relief from removal because of his Oklahoma state-court conviction. *Id.* But he claims that his state-court conviction should be vacated because his counsel was ineffective. *Id.* at 4. Specifically, he claims that his counsel failed to adequately advise him of the adverse immigration consequences of his plea. *Id.* at 4 (citing *Padilla v. Kentucky*, 559 U.S. 356 (2010)).

## 2. Legal Standards

### A. Sections 2241 and 2254

A petitioner may seek habeas relief under 28 U.S.C. § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). But the specific conditions imposed by 28 U.S.C. § 2254 limit the courts' ability to grant habeas relief to a person in custody pursuant to the judgment of a state court. *Felker v. Turpin*, 518 U.S. 651, 662 (1996); *See also Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (finding that *Felker* made Section 2254 the exclusive vehicle for petitioners challenging state-court judgments, "because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.").

---

[1] In his form petition, Petitioner says that he filed a petition for writ of coram nobis with the trial court, which was denied. Dkt. No. 1 at 6. He does not assert that he filed any state habeas application or that he presented his claims to the Oklahoma Court of Criminal Appeals.

[2] The Court notes that, according to the public information maintained by the Executive Office of Immigration Review, Petitioner is subject to a final order of removal, which was entered on December 17, 2025. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Apr. 9, 2026). Petitioner did not appeal the removal order. *Id.*

## B.    Exhaustion

Under 28 U.S.C. §§ 2254(b)(1) and (c), as amended by AEDPA, federal habeas relief is available only after a petitioner has exhausted his claims in state court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 839 (1999); *see also* 28 U.S.C. § 2254(b)(2) (stating that a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust the state remedies). "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker,* 533 U.S. 167, 178–79 (2001).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). "The Court of Criminal Appeals is the court of last resort for criminal appeals in Oklahoma." *Bear v. Boone,* 173 F.3d 782, 784 (10th Cir. 1999). A habeas petitioner has not exhausted his state remedies if he has the right to raise the questions by any available procedure under state law. *Lowe v. Scott,* 48 F.3d 873, 875 (5th Cir. 1995).

## C.    No Jurisdiction to Review Removal

"The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)). The passage of that act also divested district courts of jurisdiction to consider requests for a stay of removal proceedings. *See, e.g., Idokogi v. Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (per curiam) (citing 8 U.S.C. § 1252(g) and *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S.

471, 482 (1999)). There are three narrow exceptions to that stripping of jurisdiction provided under section 1252(e), which permits "judicial review of any determination made under section 1225(b)(1)" only when the petitioner is challenging a determination of (a) whether the petitioner is an alien; (b) whether the petitioner himself was ordered removed; or (c) whether the petitioner can prove that petitioner has been admitted as a lawful permanent resident, refugee, or has been granted asylum. 8 U.S.C. § 1252(e)(2). But section 1252(e)(5) is clear—there "shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5); *see also Nianga v. Wolfe*, 2020 WL 415927, at *3–4 (N.D. Tex. 2020); *Rodrigues v. McAleenan*, 2020 WL 363041, at *3–4 (N.D. Tex. 2020).

### 3.    Analysis

Petitioner seeks relief under the more general federal habeas statute in 28 U.S.C. § 2241. But even though he is in federal custody pending his removal proceedings, because he challenges the validity of a state-court judgment of conviction, his petition "must be brought under § 2254." *Hartfield v. Osborne*, 808 F.3d. 1066, 1072 (5th Cir. 2015) (ellipses omitted). Thus, he cannot avoid the procedural requirements of Section 2254 by filing his petition under Section 2241.

And Section 2254 requires Petitioner to exhaust his available state-court remedies. Petitioner admits that he has not presented his claims to the Oklahoma Court of Criminal Appeals (OCCA). He did not file a direct appeal, nor did he submit any collateral or postconviction attack to the OCCA. Petitioner raises constitutional questions related to his counsel's representation during his state-court criminal proceedings and he challenges the validity of his state-court judgment. But he did not attempt to raise his questions under the available state law. Thus, his petition must be dismissed without prejudice as unexhausted.

4

Finally, to the extent that Petitioner also challenges his removal proceedings, the Court must dismiss his claims for lack of jurisdiction.

## 4.    Conclusion

For the reasons discussed above, the Court finds that Petitioner has failed to show that he is entitled to federal habeas relief.  He cannot challenge his Oklahoma state-court conviction because he has failed to exhaust his available state remedies.  And the Court lacks jurisdiction to review his removal order.  Thus, the petition for writ of habeas corpus is dismissed without prejudice on exhaustion and jurisdictional grounds.  Any pending motions are denied.  The Court will enter judgment accordingly.

Dated April 15, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge